**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 623-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| **CHERIE TROUT** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR VIOLATION** |
| ) | **OF FEDERAL FAIR DEBT** |
| vs. ) | **COLLECTION PRACTICES ACT,** |
| ) | **ROSENTHAL FAIR DEBT** |
| **P.N. FINANCIAL, INC.** ) | **COLLECTION PRACTICES ACT,** |
| ) | **AND INVASION OF PRIVACY** |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Cherie Trout ("Plaintiff"), is a natural person residing in Yolo county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, P.N. Financial, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a). In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party multiple times for purposes other than obtaining location information and disclosing the allegation Plaintiff owes debt (§ 1692b & § 1692c(b)); § 1692b(3); § 1692c(a)(1)).  Specifically, a man claiming to be an attorney, "John Powers from the Law Offices of John Powers," contacted Plaintiff's co-worker repeatedly, and disclosed that he was attempting to collect a debt from Plaintiff;

b). Repeatedly communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1)). Specifically, a man claiming to be attorney John Powers, called Plaintiff repeatedly at work after Plaintiff informed him that she could not take personal calls at work  and had previously given Mr. Powers her cellular phone number instead;

  c). Failing to make meaningful disclosure of the callers individual identity in a telephone call to Plaintiff and misrepresenting the true corporate identity of the caller's employer and the caller's profession  (§ 1692d(6) and Cal Civ Code § 178811(b); § 1692e(3) and Cal Civ Code § 1788.13(b)). Specifically, an individual pretending to be an attorney, "John Powers from the Law Offices of John Powers," attempted to collect a debt from Plaintiff when no such individual exists, and the company he was calling from was actually Defendant, a non-legal company;

  d). Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11)). Specifically,  Defendant sent a letter to Plaintiff dated March 4, 2009, claiming to be written by attorney John Powers, failing to notify Plaintiff that the communication was from a Debt collector, threatening to pursue whatever legal remedies Defendant they had available if Plaintiff did not pay Defendant within 12 days of the letter;

  e). Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)). Specifically, Defendant's first contacts with Plaintiff and her employer started approximately February 16, 2009. Defendant's March 4th, 2009 letter to Plaintiff was the first communication in writing ever received by Plaintiff, and said letter did not include any language indicating that Defendant

Complaint - 4

was a debt collector, nor that Plaintiff had a right to dispute the debt within 30 days after receipt of the letter;

f). Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period (§ 1692g(b)). Specifically, Defendant's March 4, 2009 letter indicated that Defendants had already instructed their attorneys to commence suit right away. *See Also allegations contained in Paragraph 5d;*

g). Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code § 1788.10(c)). Specifically, a man by the name of John Powers contacted Plaintiff's co-worker and ask said co-worker to contact Plaintiff regarding check fraud;

h). Communicating with Plaintiffs employer regarding Plaintiffs consumer debt, where such a communication was not necessary to the collection of the debt, and where Plaintiff had not consented in writing to such communication (Cal Civ Code § 1788.12(a)). *See factual allegations in Paragraph 5a.*

6. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into

private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## **COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

  C. Statutory damages;

  D. Costs and reasonable attorney's fees; and,

  E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

  B. Actual damages;

  C. Statutory damages for willful and negligent violations;

  D. Costs and reasonable attorney's fees,

  E. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 1ST day of April, 2009.

    By: _s/Todd M. Friedman_
**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 623-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**